# EXHIBIT "A"



**Service of Process Transmittal**
07/23/2021
CT Log Number 539959001

**TO:** Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Florida**

**FOR:** Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dawson Felisa, Pltf. vs. Wal-Mart Stores East, LP and Miriam Torres, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # CACE21013936 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 01/28/2020 - 3001 North State Road 7, Lauderdale Lakes, Florida, Broward County, Florida |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/23/2021 at 03:41 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | John D. Mooney III<br>John D. Mooney, P.A.<br>2740 East Oakland Park Boulevard<br>Suite 302<br>Fort Lauderdale, FL 33306<br>954-449-2671 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/24/2021, Expected Purge Date: 07/29/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br><br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jul 23, 2021

**Server Name:** Henri Werner

Entity Served WAL-MART STORES EAST, LP

Case Number CACE 21-013936

Jurisdiction FL



Case Number: CACE-21-013930 Division: 03
Filing # 130102025 E-Filed 07/06/2021 02:08:14 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

FELISA DAWSON,

Plaintiff,

v.

WAL-MART STORES EAST, LP and
MIRIAM TORRES, an individual,
jointly and severally,

Defendants.
_______________________________/

CASE NO. _______________

thw #847
7/23/21
2:05 pm

**SUMMONS**
(CORPORATE)

THE STATE OF FLORIDA:

To each Sheriff of said state:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on:

By serving: Wal-Mart Stores East, LP
c/o CT Corporation System, its Registered Agent
1200 South Pine Island Road
Plantation, Florida 33324

**IMPORTANT**

Each defendant is required to serve written response to the complaint or petition on plaintiff's counsel whose name and address is:

JOHN D. MOONEY, P.A.
JOHN D. MOONEY III, ESQ.
2740 East Oakland Park Boulevard
Suite 302
Fort Lauderdale, Florida 33306
Tel (954) 449-2671
Florida Bar No. 597031

The response to the complaint or petition must be served within twenty (20) days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the response with the clerk of the court either before service on plaintiff's counsel or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of this Court this JUL 12 2021.

BRENDA D. FORMAN,
As Clerk of Said Court

CLERK OF CIRCUIT & COUNTY COURTS
IN GOD WE TRUST
FLORIDA
BROWARD COUNTY

By: ______________________
As Deputy Clerk

BRENDA D. FORMAN

Case Number: CACE-21-013936 Division: 03
Filing # 130102025 E-Filed 07/06/2021 02:08:14 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

FELISA DAWSON,

Plaintiff,

v.

WAL-MART STORES EAST, LP and
MIRIAM TORRES, an individual,
jointly and severally,

Defendants.

______________________________/

CASE NO. ______________

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff, Felisa Dawson ("Dawson"), by and through her undersigned counsel and sues Defendants, Wal-Mart Stores East, LP ("Wal-Mart") and Miriam Torres ("Torres"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages that exceed $30,000.00, exclusive of interest, attorneys' fees and costs and this Court has jurisdiction over this matter.

2. Venue is proper in Broward County, Florida because the incident that is the subject of this action occurred in Broward County, Florida.

### PARTIES

3. Dawson is a resident of Broward County, Florida and is otherwise *sui juris*.

4. Upon information and belief, Torres is a resident of Broward County, Florida and is otherwise *sui juris*.



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 07/06/2021 02:08:11 PM.****

5. Wal-Mart is a for-profit corporation authorized to conduct business in the state of Florida and doing business in Broward County, Florida.

**STATEMENT OF FACTS**

6. Wal-Mart owns, controls and/or operates various stores throughout the state of Florida, including the store physically located at 3001 North State Road 7, Lauderdale Lakes, Florida, Broward County, Florida with facility identification number 3625.

7. On January 28, 2020, Dawson was a business patron or invitee of the aforementioned Wal-Mart location.

8. At the time, Wal-Mart employed Torres as its manager.

9. On such date and as Wal-Mart's business invitee or patron, Dawson slipped and fell on a highly dangerous liquid condition located in one of the areas inside the store's premises and frequently used by patrons like Dawson.

10. At the time, Wal-Mart did not have any warning signs or posts advising its invitees or patrons of such dangerous condition on its grounds.

11. As a result of the above-mentioned slip and fall, Dawson suffered bodily injuries for which she has incurred considerable medical expenses.

**COUNT I**

**NEGLIGENCE- WAL-MART**

Dawson adopts and realleges paragraphs 1 through 3 and 5 through 11 as if fully set forth herein and further alleges as follows:

12. On January 28, 2020, Dawson was a lawful business invitee or patron of the premises owned, controlled, managed, maintained and operated by Wal-Mart.

13. On such date, there was a dangerous substance on the floor inside the store and which is

commonly and generally used by patrons like Dawson.

14. The substance caused Dawson to fall and suffer severe bodily injury.

15. Wal-Mart had an obligation and a duty to all its business invitees or patrons to exercise reasonable care and to maintain the inside of its premises in a reasonable safe condition for the safety of patrons or invitees like Dawson, including reasonable efforts to keep the premises free from conditions that might foreseeably give rise to loss, injury or damage as well as a duty to warn patrons or invitees like Dawson of any hazardous or unsafe conditions that exist on the premises.

16. Despite said duties and obligations, on the date in question Wal-Mart or its employees or agents negligently and carelessly maintained or controlled the subject premises thereby creating or allowing to exist a dangerous condition on same.

17. The slip and fall was due to or caused by the negligent acts and omissions of Wal-Mart, its employees or agents in that it negligently created a dangerous condition, to wit: (1) failing to provide a safe environment for patrons or invitees, such as Dawson, to walk upon or make use of; (2) failing to keep and maintain its premises in a safe and proper condition for the use of its invitees or patrons such as Dawson; (3) failing to warn Dawson of the dangerous condition of which she had no prior knowledge; (4) failing to keep the premises in a safe condition causing Dawson to fall; (5) failing to correct or repair the issue in a timely and competent manner; (6) allowing a dangerous and defective condition to be created or remain to the detriment of its invitees or patrons; and (7) failing to reasonably maintain the premises, which reasonable maintenance would have revealed the dangerous condition.

18. At the time and place referenced above, Wal-Mart negligently maintained and operated

said premises as to cause Dawson to become unnecessarily injured thereon.

19. Wal-Mart caused the subject premises to be unsafe and knew, or by exercise of ordinary care, should have known that said area in question was not in a reasonably safe condition commensurate with the circumstances of its use by invitees or patrons such as Dawson.

20. As a direct and proximate result of Wal-Mart's negligence, Dawson suffered severe bodily injury that has had the result of: Within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.

21. Dawson's losses are either permanent or continuing and she will suffer losses in the future.

**WHEREFORE**, Plaintiff, Felisa Dawson, respectfully requests that this Court enter a judgment in her favor and against Defendant, Wal-Mart Stores East, LP, according to law, for compensatory damages together with interests, and for such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

**COUNT II**

**NEGLIGENCE- TORRES**

Dawson adopts and realleges paragraphs 1 through 4 and 6 through 11 as if fully set forth herein and further alleges as follows:

22. On January 28, 2020, Dawson was a lawful business invitee or patron of the premises controlled, managed and maintained by Torres, individually and as Wal-Mart's manager.

23. On such date, there was a dangerous substance on the floor inside the store and in an area commonly and generally used by patrons like Dawson.

24. The substance caused Dawson to fall and suffer severe bodily injury.

25. Torres, individually and as Wal-Mart's manager, had an obligation and a duty to all business invitees or patrons to exercise reasonable care and to maintain the inside of premises in a reasonable safe condition for the safety of patrons or invitees like Dawson, including reasonable efforts to keep the premises free from conditions that might foreseeably give rise to loss, injury or damage as well as a duty to warn patrons or invitees like Dawson of any hazardous or unsafe conditions that exist or existed on the premises.

26. Despite said duties and obligations, on the date in question Torres, individually and as Wal-Mart's manager, negligently maintained or operated the subject premises thereby creating or allowing to exist a dangerous condition on same.

27. The slip and fall was due to or caused by the negligent acts and omissions of Torres, individually and as Wal-Mart's manager, in that he negligently created or allowed to be created a dangerous condition, to wit: (1) failing to provide a safe environment for patrons or invitees, such as Dawson, to walk upon or make use of; (2) failing to keep and maintain the premises in a safe and proper condition for the use of invitees or patrons such as Dawson; (3) failing to warn Dawson of the dangerous condition of which she had no prior knowledge; (4) failing to keep the premises in a safe condition causing Dawson to fall; (5) failing to correct or repair the issue in a timely and competent manner; (6) allowing a dangerous and defective condition to be created or remain to the detriment of invitees or patrons; and (7) failing to reasonably maintain the premises, which reasonable

maintenance would have revealed the dangerous condition.

28. At the time and place referenced above, Torres, individually and as Wal-Mart's manager, negligently maintained and operated said premises as to cause Dawson to become unnecessarily injured thereon.

29. Torres, individually and as Wal-Mart's manager, caused the subject premises to be unsafe and knew, or by exercise of ordinary care, should have known that said area in question was not in a reasonably safe condition commensurate with the circumstances of its use by invitees or patrons such as Dawson.

30. As a direct and proximate result of Torres' (individually and as Wal-Mart's manager) negligence, Dawson suffered severe bodily injury that has had the result of: Within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.

31. Dawson's losses are either permanent or continuing and she will suffer losses in the future.

**WHEREFORE**, Plaintiff, Felisa Dawson, respectfully requests that this Court enter a judgment in her favor and against Defendant, Miriam Torres, according to law, for compensatory damages together with interests, and for such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

**DEMAND FOR JURY TRIAL**

Dawson hereby demands a trial by jury as to all issues so triable.

DATED: Tuesday 6 July 2021.

Respectfully submitted,

BY: */s/ John D. Mooney III*
John D. Mooney, P.A.
Fla. Bar No. 597031
*john@johndmooneypa.com*
*krysten@johndmooneypa.com*
Attorneys for Plaintiff
2740 East Oakland Park Blvd.
Suite 302
Fort Lauderdale, FL 33306
Telephone: (954) 449-2671
Facsimile: (954) 449-2672